## CARPENTER *v.* TALBOT *et al.*

*(Circuit Court, D. Vermont.* January 17, 1888.)

1. INJUNCTION—PRESERVATION OF PROPERTY—CHATTEL MORTGAGES—CONFLICTING CLAIMS.

A bill to enjoin foreclosure of two chattel mortgages on the same property showed no ground for enjoining foreclosure of the first, but showed that the bonds secured by the second were invalid in the hands of the holders. The answer of defendants claiming under the second mortgage was insufficient, and the validity of their mortgage was doubtful; but the use of part of the mortgaged property was necessary to its preservation. *Held* a proper case to enjoin the senior mortgagee from interfering with such part until his sale, and to enjoin the other defendants from foreclosing until further order.

2. SAME—PLEADING—SUFFICIENCY OF ANSWER.

In a bill to enjoin foreclosure of a chattel mortgage running to trustees and securing bonds to be negotiated by the mortgagor, plaintiff alleged facts showing that the bonds issued were illegal, and invalid in the hands of the holders, who were seeking to foreclose through the trustees. The trustees answered, on information and belief, that the mortgagor had waived the illegality and ratified the bonds, and in like manner denied the facts. The bondholders were not parties, but might voluntarily have become such. *Held,* that the answer was not sufficient.

3. COURTS—FEDERAL JURISDICTION—VENUE OF SUIT—ACT OF MARCH 3, 1887.

Under the act of congress of March 3, 1887, a suit by a citizen of Ohio against citizens of Vermont, New York, and Maine, to enforce a claim to property in Vermont, is properly brought in the district of Vermont.

4. CHATTEL MORTGAGES—FORECLOSURE SALE—NATURE OF.

A foreclosure sale by a public officer under a chattel mortgage is not a proceeding in a state court within the meaning of Rev. St. U. S. § 720, providing that no injunction shall be granted by a federal court to stay proceedings in a state court, except in certain instances.

5. SAME—ENJOINING FORECLOSURE—ANOTHER SUIT ON MORTGAGE SECURING SAME DEBT.

Where, in defense to a bill to enjoin foreclosure of a mortgage, the pendency of another suit in another jurisdiction to foreclose another mortgage securing the same debt is pleaded, but plaintiff could not, by defending the latter suit, have the relief obtainable in the former, the pendency of the latter is no bar to the former.

6. TRUSTS—TITLE UNDER—PLEADING.

Plaintiff, claiming as assignee of a lease of personalty running to another as trustee, and to his successors, and not restricting the trustee's power to convey, in a bill to enjoin foreclosure of a mortgage on the property alleged merely that he had acquired the rights of both trustee and beneficiaries. *Held* a sufficient allegation of title in plaintiff.

In Equity. Bill for injunction.

Suit by James W. Carpenter against James R. Talbot, Royce, and Bottum, to enjoin them from foreclosing two chattel mortgages. Under Rev. Laws Vt. § 1977, "the mortgagee" of personal property "may, after * * * condition broken, cause the mortgaged property * * * to be sold at public auction by a public officer. * * *" Under Rev. St. U. S. § 720, "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

*George E. Lawrence,* for orator.

*F. G. Swinington*, for defendant Talbot.

*P. Redfield Kendall* and *John Prout*, for defendants Royce and Bottum.

WHEELER, J. The orator is alleged to be a citizen of Ohio, one defendant of Maine, one of New York, and the others of Vermont. The suit is brought to enforce a claim to real and personal property in Vermont. Objection is made that the suit is not properly brought in this court under the act of March 3, 1887, (49th Cong. 2d Sess. *c.* 373.) Section 8 of the act of March 3, 1875, which corresponds to section 738, Rev. St., and confers jurisdiction in such cases, is expressly saved by section 5 of the act of 1887. The orator claims as purchaser and assignee of a leasehold interest in the property from one Charles L. Strong, trustee, to whom and his successors the lease runs, without naming the nature of the trust, or any *cestui que trust*, or assigns.

It is objected that this shows no right to the property in the orator. There is, however, no restriction on the conveyance of the leasehold estate acquired by the lessee, and the bill alleges that the orator has acquired the rights of the *cestuis que trust*, as well as of the trustee. It is further objected that the names of the *cestuis*, or the nature of the trust, are not set forth, with facts to show how their interests have been acquired. But as the orator has, according to the allegations, all the interest conveyed by the lease conveyed to him by the same person (and in the same right) to whom the lease runs, this would seem to be sufficient as against those not claiming under either the trustees or the *cestuis*.

The defendant Talbot claims under a chattel mortgage, against which the orator alleges, in substance, that it was paid in full. This payment, except as to part, is unequivocally denied in the answer. This fully meets the equity of the bill as against the validity and justice of this mortgage. This mortgage was put upon the property prior to the lease, and no ground is left on which the orator is entitled on this motion to have that defendant restrained from foreclosure of it by sale under the statute. The defendants Royce and Bottum are trustees under a chattel mortgage made to them to secure bonds of the maker to be thereafter sold by the maker. The orator alleges facts showing that the bonds held by persons seeking to sell the personal property by virtue of this chattel mortgage, through the trustees, were not lawfully issued, and are not now valid in their hands. The trustees, who would not otherwise have knowledge of these facts, deny them on information and belief, and allege, in the same manner, waiver of illegality, and ratification of these bonds by the mortgagor. This does not meet the equity of the bill. These bondholders are not made parties, and have not appeared; they may, however, be made parties under the statute of the United States before mentioned, or become so voluntarily. Rev. St. § 738; Act of March 3, 1875, § 8. Besides this, waiver or ratification by the mortgagor might not bind subsequent holders of the property; and it is not clear that the statute of the state providing for chattel mortgages covers mortgages to secure bonds to be sold afterwards. Rev. Laws Vt. § 1967.

Proceedings to foreclose another mortgage to secure the same bonds in

the court of chancery of the state are set up and relied upon to prevent this injunction. The pendency of a suit in another jurisdiction is no bar to proceeding in this, unless the same questions are involved, and the same relief can be had. *Buck* v. *Colbath,* 3 Wall. 334. The orator could not obtain the relief sought by this bill in defending the bill for foreclosure. Of course, this court cannot impose any restraint upon the proceedings in that case. Rev. St. U. S. § 720. It is claimed that this statute prevents restraint of sale by an officer under a chattel mortgage, because that is in the nature of an execution. But that is not a proceeding in any court whatever. The proceeding is wholly on the mortgage as a private contract. The sale is to be made by a public officer, but not as an officer of a court. Rev. Laws Vt. § 1977. A sale of the personal property for the full amount of the bonds claimed to have been issued and to be outstanding under this mortgage would, on the allegations of the bill, work irreparable injury to the orator, if it should ultimately appear that the mortgage, or any considerable part of the bonds, is invalid, or inoperative to hold the property against the orator.

Upon these considerations, it seems that the threatened sale of the personal property upon this mortgage should be restrained for the present; especially as no considerable injury is likely to result to the defendants or the bondholders by such delay as will more fully develop the just rights of the parties. The statutes of the state giving the right of sale under such mortgages do not go beyond what is necessary for the exercise of that right. They do not give the right to interfere with the possession of the mortgagor and those claiming under him otherwise. Rev. Laws Vt. §§ 1976, 1977. Interference with the use of the hoisting apparatus for the purpose of securing and preserving the other property may work unnecessary and irreparable injury to that. Therefore it appears that such use should not be interfered with under the mortgage held by the defendant Talbot, until that apparatus is wanted for sale, and as the sale is advertised at the place of use, not until the time of sale.

Let a writ of injunction issue to restrain the defendant Talbot, and all others acting under him by virtue of his mortgage, from interfering with the use of the hoisting apparatus therein described by the orator, at the place where it is now situated, for the purpose of preserving and securing other property, until the time of sale thereof under his mortgage; and restraining the defendants Royce and Bottum, and all others acting under them, from selling the personal property described in their mortgage, until further order. The restraining order heretofore granted herein is hereby vacated, except as to so much as is in accordance with this injunction; and it is ordered that the orator file a cost-bond in the usual amount by the first day of next term.